IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:24-CT-3289-FL

| | | |
|---|---|---|
| GARY D. GOCHIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| NORTH CAROLINA DEPARTMENT OF ADULT CORRECTION, NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY, HARNETT CORRECTIONAL INSTITUTION, CATHY JUDGE, SARAH FLOYD, JIMMY C. DORMAN, TYRELL GRIGGS, MS. COOPER, HELEN FRANCIS, TRACEY W. DAILEY, TAMMY BARNWELL, MR. CLYBURN, MR. VARNEY, MR. WALKER, MR. YOUNG, MR. PERSONS, TIA SAMOYOA, MRS. CALENDAR, PETER BUCHOLTZ, KIMBERLY D. GRANDE, INA M. HINTON, MONICA STRAUGH, PATRICIA A. ALSTON, MR. GODFREY, MR. DUNIA, and MR. POWELL, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants.[1] | ) | |

Plaintiff, a state inmate proceeding pro se, commenced this action by filing complaint December 9, 2024, asserting claims for violations of his civil rights pursuant to 42 U.S.C. § 1983. By prior order entered August 22, 2025, the court determined plaintiff's complaint did not comply with Federal Rules of Civil Procedure 8 or 20, and directed plaintiff to file amended complaint that complied with these rules and corrected various deficiencies. The matter now comes before

---

[1] The court constructively amends the case caption to reflect parties named in plaintiff's amended complaint. As noted below, the clerk will update the docket caption consistent with the operative complaint.

the court for initial review of the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and to evaluate whether plaintiff's amended complaint complies with the instructions in the August 22 order.

**COURT'S DISCUSSION**

Section 1915 provides that courts shall review complaints filed by prisoners seeking leave to proceed in forma pauperis and dismiss such complaints when they are frivolous, malicious, fail to state a claim on which relief may be granted, or if the plaintiff seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). To state a claim on which relief may be granted, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

The complaint also must comply with Federal Rule of Civil Procedure 8(a)(2). See Twombly, 550 U.S. at 555. Rule 8(a)(2) requires that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and which "give[s] the defendant fair notice of what the claim is and the grounds upon which it rests." Fed. R. Civ. P.

2

8(a)(2); Twombly, 550 U.S. at 555. In determining whether the complaint complies with Rule 8, the court considers: 1) the length and complexity of the complaint; 2) whether the complaint is clear enough to enable the defendant to know how to defend himself; and 3) whether the plaintiff was represented by counsel. See North Carolina v. McGuirt, 114 F. App'x 555, 558 (4th Cir. 2004); see also United States ex rel. Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003).

Finally, Federal Rule of Civil Procedure 20 governs joinder of multiple defendants in a single action. Rule 20(a)(2) provides that persons "may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "The 'transaction or occurrence test' of the rule . . . 'permit[s] all reasonably related claims for relief by or against different parties to be tried in a single proceeding.'" Saval v. BL Ltd., 710 F.2d 1027, 1031 (4th Cir. 1983) (quoting Mosley v. Gen. Motors Corp., 497 F.2d 1330, 1333 (8th Cir.1974)). The court may "deny joinder [of multiple defendants] if it determines that the addition of the party under Rule 20 will not foster the objectives of [trial convenience and expeditious resolution of disputes], but will result in prejudice, expense, or delay." Aleman v. Chugach Support Servs., Inc., 485 F.3d 206, 218 n.5 (4th Cir. 2007); see also George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits [under Rule 20 and] to ensure that prisoners pay the required filing fees [pursuant to 28 U.S.C. § 1915(b)]."); see also Fed. R. Civ. P. 21 (providing improperly joined defendants may be dismissed "at any time").

3

On August 22, the court determined that plaintiff's three complaints did not comply with Rules 8(a)(2) or 20(a)(2). The court noted that one of plaintiff's complaints was 42 handwritten pages "challeng[ing] essentially every aspect of his conditions of confinement" in violation of Rule 8(a)(2). (DE 26 at 5). With respect to joinder of defendants, the court explained that plaintiff was attempting to join numerous unrelated claims against different defendants in the same action, which is not permitted under the Rule 20(a)(2). (Id. at 6).

Rather than dismiss the claims outright, the court allowed plaintiff to file amended complaint that corrects the deficiencies identified above. (Id.). With respect to the anticipated amended complaint, the court directed plaintiff to "clearly identify the individual defendants and provide brief descriptions of how each defendant violated his rights." (Id.). And the court warned plaintiff that failure to comply with these instructions may result in dismissal of this action. (Id.).

Plaintiff did not comply with the August 22 order in the instant amended complaint. In direct contravention of the order, plaintiff names 26 defendants in the amended complaint but he fails to assert any claims against three of the individually named defendants. (See DE 31 at 8, 10 (naming "Mr. Young," "Ina Hinton," and "Mr. Godfrey" as defendants but failing to provide any factual allegations showing that they violated his rights as required by the August 22 order)). And in other cases, plaintiff includes factual allegations directed at certain defendants that clearly do not establish any violation of plaintiff rights. (See, e.g., id. at 18–19 (alleging defendant Cathy Judge delegated to her subordinate the task of responding to plaintiff's correspondence)).

The amended complaint also fails to comply with Rules 8 and 20. In the factual background section of the complaint, plaintiff complains that certain defendants violated his right to exercise his religion, others retaliated against him for filing grievances and the instant lawsuit,

4

others improperly changed his security classification, and still others used excessive force during a strip search. The amended complaint does not present reasonably related claims or "a short and plain statement of the claim showing the pleader is entitled to relief." See Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P. 20(a)(2); Saval, 710 F.2d at 1031; George, 507 F.3d at 607.

Accordingly, plaintiff fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Fed. R. Civ. P. 8(a)(2); Twombly, 550 U.S. at 555. In addition, Federal Rule of Civil Procedure 41(b) provides that "if the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action." The court also maintains inherent authority to dismiss an action for failure to comply with court orders even in the absence of a motion by defendant. See Attkisson v. Holder, 925 F.3d 606, 625 (4th Cir. 2019). Here, plaintiff's failure to comply with the August 22 order justifies dismissal of this action. See id.

## CONCLUSION

Based on the foregoing, this action is DISMISSED without prejudice for failure to state claim. Alternatively, this action is DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 41(b) and the court's inherent authority to dismiss actions when the plaintiff fails to comply with court orders. The clerk is DIRECTED to amend the docket caption to correspond to the caption of this order.

SO ORDERED, this the 18th day of November, 2025.

_____
LOUISE W. FLANAGAN
United States District Judge